**LITE DEPALMA GREENBERG, LLC**
Bruce D. Greenberg (bgreenberg@litedepalma.com)
Marissa L. Quigley (mquigley@litedepalma.com)
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALAN McMICHAEL, on behalf of himself and all others similarly situated, | : : : : | Civil Action No.: |
| Plaintiff, | : : : | |
| v. | : : | |
| SHOP-VAC CORPORATION, a New Jersey entity, | : : : : | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | : : : : | |

Alan McMichael, residing at 522 East University Avenue, Gainesville, Florida.32601, by his attorneys, on behalf of himself and all others similarly situated ("Plaintiff"), makes the following allegations and claims for his class action complaint against Defendant Shop-Vac Corporation ("Shop-Vac" or "Defendant"), a New Jersey entity. The following allegations are made upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge.

304271 v1

## NATURE OF THE CASE

1. The class action is brought pursuant to Rule 23(b)(2) or, alternatively, Rule 23(b)(3), Federal Rules of Civil Procedure. Plaintiff seeks injunctive relief and damages on his own behalf and on behalf of all other similarly situated consumers, citizens of Florida, who purchased Shop-Vac brand wet/dry shop vacuums (the "Shop-Vac brand Wet/Dry Shop Vacuums" or "the Vacuums") in Florida at any time from February 2008 through the date of this Complaint (the "Class").

2. At all times relevant hereto, Defendant manufactured Shop-Vac brand Wet/Dry Shop Vacuums and marketed them to consumers within the State of Florida. Although these devices are sold with objective representations and express warranties regarding the horsepower of these devices, these representations were and are materially incorrect as the horsepower was materially overstated, and the Vacuums do not therefore conform to these horsepower specifications.

3. Accordingly, by advertising and selling the vacuums with the false horsepower claims to Florida consumers, Defendant has violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), violated the warranties accompanying these devices, and unjustly enriched itself to the detriment of both Plaintiff and members of the Class.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act. Plaintiff and all members of the Class are of diverse citizenship from defendant, and the aggregate amount in controversy, exclusive of interest and costs, is believed to exceed $5,000,000.00.

5. The Court has personal jurisdiction over Defendant because Defendant has, at all times relevant to this cause of action, maintained offices in this District and has, individually or

through its agents, subsidiaries, officers and/or representatives, operated, conducted, engaged in and carried on a business venture in this State, and advertised and sold products in this State.

6. Venue is proper in this District because Defendant has offices in this District and conducts substantial business here, including conduct directed at members of the Class.

7. Defendant has continued to act and/or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## PARTIES

**A. PLAINTIFF**

8. Plaintiff Alan McMichael is a citizen of Florida, residing at 522 East University Avenue, Gainesville, Florida.32601. Plaintiff purchased a "Shop-Vac 14-Gallon 5.5 Peak HP Wet/Dry Shop Vacuum," manufactured and marketed by the Defendant, at a Lowe's store located in Gainesville, Florida.

**B. DEFENDANT**

9. Defendant Shop-Vac Corporation is a corporation formed under the laws of the State of New Jersey, with offices at 644 Terrace Drive, Paramus, Bergen County, New Jersey. Defendant's corporate headquarters is located at 2323 Reach Road, Williamsport, Pennsylvania. Defendant advertises, distributes, markets and sells the Shop-Vac brand Wet/Dry Shop Vacuums to consumers throughout Florida.

## STATEMENT OF FACTS AND SUBSTANTIVE ALLEGATIONS

10. A Wet/Dry Shop Vacuum -- such as Defendant's Shop-Vac brand Wet/Dry Shop Vacuums -- is a machine designed to remove solid debris and liquid through the use of suction generated by an electric motor, for collection in a container. As these machines are designed to

lift materials heavier than that of a conventional household vacuum, the power of the machine is typically its most important characteristic to consumers.

11. Horsepower, often noted as "HP," is an objective engineering term used to denote the power output of an electric motor, and is a function of a machine's torque and rotational speed. Horsepower is represented in the following equation, where P is power in horsepower, torque is measured in foot-pounds, and force is measured in rotations per minute:

$$P(hp) = torque(ft * lb) * force(RPM)/5252$$

12. Horsepower can also be calculated as a function of an electric motor's current, efficiency and voltage, as represented by the following equation, where P is power in horsepower, V is voltage input into the device, I is current in amps utilized by the motor, and Eff. is the efficiency of the motor:

$$P(hp) = V * I * Eff/746$$

13. Shop-Vac markets and sells its wet/dry Shop Vacuums with objective representations of the horsepower of these devices, including a notation of the unit's horsepower on marketing materials describing the Vacuum, on the packaging of the vacuum, and on the Vacuum itself. The Shop-Vac Wet/Dry Shop Vacuum purchased and owned by the plaintiff is denominated by Defendant as the "Shop-Vac 14-Gallon 5.5 Peak HP Wet/Dry Shop Vacuum," and contains the representation that it is produces "5.5 Peak HP" directly on the product and on its packaging.

14. In actual fact however, the Shop-Vac Wet/Dry Vacuums owned by Plaintiff and other class members produce materially less horsepower than has been represented and warranted by Defendant. Although the various models of Wet/Dry Vacuums sold by Defendant contain different horsepower representations, all of these representations materially overstate the

true horsepower of the devices when measured or expressed through generally accepted scientific methods, such as the equations set forth above.

15. The Defendants use of the term "Peak" Horsepower is additionally misleading in the context of a machine utilizing an electric motor of the type in the Shop-Vac brand Wet/Dry Shop Vacuums at issue here. In actual fact, the Vacuum is unable to function at "Peak" horsepower during operation by a consumer, because the motor can operate at "Peak" for only a small fraction of a second at the instant of power on. As such, while the supposed "Peak Horsepower" rating represented by Defendant is itself materially overstated and incorrect, the Defendants' use of the term "Peak" Horsepower to describe the functionality of its Shop-Vac brand Wet/Dry Shop Vacuums is false and misleading in its representations of the functionality of these products.

16. As a direct and proximate result of the actions of the Defendant, Plaintiff and members of the Class suffered actual damages and/or economic losses.

## CLASS ACTION ALLEGATIONS

17. Plaintiff and the Class members incorporate and reallege the above paragraphs.

18. This class action is brought pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), or, alternatively, Rule 23(b)(3). Excluded from the Class are Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant including, without limitation, persons who are directors of Defendant, or any person who is not a citizen of Florida.

19. Class Definition – Plaintiff: sues on his own behalf and on behalf of a Class defined as:

> All consumers who are Florida citizens who purchased Shop-Vac brand Wet/Dry Shop Vacuums in Florida at any time from February 2008 through the present.

20. Numerosity – Fed. R. Civ. P. 23(a)(1): The Class consists of numerous consumers throughout Florida, making individual joinder impractical, in satisfaction of Rule 23(a)(1). Plaintiff does not know the exact size or identities of the proposed Class, since such information is in the exclusive control of Defendant and third parties. Plaintiff, however, believes that the Class encompasses no fewer than thousands of individual consumers who are geographically dispersed throughout Florida. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and the Court.

21. Common Questions of Law and Fact – Fed. R. Civ. P. 23(a)(2): All members of the Class have been subject to and affected by the same practices and policies and common thread of misconduct resulting in injury to Plaintiff and all members of the Class as described herein. There are numerous questions of law and fact that are common to the Class, and that predominate over any questions affecting only individual members of the Class. These questions include, but are not limited to, the following:

> a. Whether Defendant has materially overstated the horsepower of Shop-Vac brand Wet/Dry Shop Vacs;
>
> b. Whether Defendant's conduct violated the FDUTPA;
>
> c. Whether the sale of Shop-Vac brand Wet/Dry Shop Vacuums violated the express warranties which accompanied the devices;
>
> d. Whether the members of the Class have been damaged by Defendant's conduct; and
>
> e. Whether as a result of Defendant's misconduct, Plaintiff and other Class members are entitled to damages, restitution, equitable relief, injunctive relief, or other relief, and the amount and nature of such relief.

22. Typicality – Fed. R. Civ. P. 23(a)(3): The claims of the named Plaintiff are typical of the claims of the Class and do not conflict with the interests of any other members of the Class in that both the Plaintiff and the other members of the Class are subject to Defendant's same wrongful practices.

23. Adequacy – Fed. R. Civ. P. 23(a)(4): Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is committed to the vigorous prosecution of the Class' claims and has retained competent and experienced attorneys who are qualified to pursue this litigation and have significant experience in Class actions. Further, Plaintiff's interests are aligned with the Class and it is unlikely that there will be a divergence of viewpoint.

24. Predominance – Fed. R. Civ. P. 23(b)(3): The common questions of law and fact relating to the claims of the class representative Plaintiff and the claims of each Class member predominate over any question of law or fact affecting only individual members of the Class. Each Class member will be identified through discovery from the Defendant and third parties, and will be notified and given an opportunity to opt out of the Class in the event he/she/it has no interest in being represented by this action, or if for any reason, he/she/it prefers to be excluded from the Class. The judgment will not be binding on those members who opt out of the Class. Consequently, any potential Class members who have an interest in prosecuting separate claims and controlling their own litigation against Defendant will not be prejudiced by this action.

25. Manageability – Fed. R. Civ. P. 23(b)(3): There are no unusual difficulties likely to be encountered in the management of this action as a class action that could not be managed by this Court: (a) The advantages of maintaining the action as a class action far outweigh the expense and waste of judicial effort that would result in hundreds or thousands of separate

adjudications of these issues for each Class member; and (b) Class treatment further ensures uniformity and consistency in results.

26. Superiority – Fed. R. Civ. P. 23(b)(3): A Class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

- Individual claims by the Class members are impractical as the costs of pursuing individual claims against Defendant far exceed what any one individual Plaintiff or Class member has at stake;

- As a result, individual members of the Class have no interest in prosecuting and controlling separate actions;

- It is desirable to concentrate litigation of the claims herein in this forum since Defendant has offices in this District; and

- The proposed Class action is manageable.

27. Further, the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class, which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the action, or could substantially impair or impede their ability to protect their interests. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant in its marketing, advertising and sale of the Vacuums. Such incompatible standards and inconsistent or varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow to exist inconsistent and incompatible rights within the Class.

28. Plaintiff's counsel are entitled to reasonable attorneys' fees from Plaintiff for the handling of this action.

29. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many members of the Class who could not otherwise afford to seek legal redress for the wrongs complained of herein. If a Class or general public action is not permitted, Class members will continue to suffer losses and Defendant's misconduct will continue without proper remedy.

30. Defendant has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### Violation of the Florida Deceptive and Unfair Trade Practices Act-Fla. Stat. § 501.201 *et seq*.

31. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

32. Defendant's aforementioned conduct and wrongful practices were directed at the citizens of the State of Florida.

33. Plaintiff and all members of the Class purchased Shop-Vac brand Wet/Dry Shop Vacuums within the State of Florida. Therefore, Florida has a substantial interest in protecting its citizens from the wrongs complained of herein.

34. Pursuant to the express terms of the FDUTPA it is to "be construed liberally" to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.202(2).

35. Under the FDUTPA, a deceptive practice is one that is likely to mislead consumers and an unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

36. Plaintiff and all members of the Class are "consumers" within the meaning of Florida Statute section 501.203(7) and the sale of the Shop-Vac brand Wet/Dry Shop Vacuums as alleged herein constitutes "trade or commerce" within the meaning of Florida Statute section 501.203(8).

37. As set out in this Complaint, Defendant committed deceptive acts within the meaning of Florida Statute section 501.203(3), unlawful acts and practices within the meaning of Florida Statute section 501.204 and unfair practices.

38. In particular, members of the Florida public were, and are, likely to be deceived by Defendant's marketing of the Shop-Vac brand Wet/Dry Shop Vacuums because the Defendant materially overstated the horsepower rating of these devices.

39. At all times relevant, Defendant had misrepresented the quality and characteristics of the Shop-Vac brand Wet/Dry Shop Vacuums, and advertised the Shop-Vac brand Wet/Dry Shop Vacuums with intent not to sell them as advertised. In particular, Defendant marketed for sale in Florida its Wet/Dry Shop Vacuums with horsepower ratings that are not objectively correct and misled consumers by representing a "peak" horsepower that, in fact, cannot be sustained for more than a fraction of a second, as alleged above.

40. As a result of Defendant's actions, objectively reasonable consumers, including Plaintiff, were or would be misled or deceived that the Shop-Vac brand Wet/Dry Shop Vacuums they were purchasing conformed to the horsepower representations in the marketing materials, the packaging, and on the products themselves.

41. As a direct and proximate result of the actions of the Defendant, Plaintiff and members of the Class suffered actual damages and/or economic losses.

42. As a result of Defendant's misconduct, which is continuing and ongoing, Plaintiff and Class members have suffered damages.

43. Defendant's deceptive acts caused Plaintiff actual damages within the meaning of Fla. Stat. §501.211. In particular, Plaintiff paid money for a Wet/Dry Shop Vacuum which contained a materially overstated horsepower rating. Plaintiff did not receive what was represented.

44. Defendant engaged in the aforementioned unlawful business practices to increase its profits. As such, Defendant's conduct caused damages to consumers, including Plaintiff and members of the Class.

45. The acts, practices, misrepresentations and omissions by Defendant described above constitute unconscionable, unlawful, and deceptive commercial practices.

46. As a direct result of the damages suffered as set forth above, Plaintiff seeks, on behalf of himself and the members of the Class, actual damages, plus attorneys' fees and court costs.

## COUNT II

### Breach of Express Warranty

47. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

48. Defendant's affirmations of fact and/or promises relating to the Shop-Vac brand Wet/Dry Shop Vacuums created express warranties that the devices conformed to the represented horsepower ratings noted in the marketing materials, on the Vacuum's packaging, and on the Vacuum itself.

49. At all times relevant hereto, Defendant marketed and sold the Shop-Vac brand Wet/Dry Shop Vacuums with express representations regarding the horsepower of these devices.

50. In actual fact, the Shop-Vac brand Wet/Dry Shop Vacuums did not conform to those express representations, as the true objective horsepower of each machine was materially less than had been expressly warranted.

51. Accordingly, Defendant breached its express warranty, directly causing damage to Plaintiff and the members of the Class.

## COUNT III

### Violation of Magnuson-Moss Act (15 U.S.C. §2301 et seq.)

52. Plaintiff repeats and re-alleges each and every allegation above as though fully set forth herein.

53. Plaintiff and the Class are consumers as defined in 15 U.S.C. §2301(3).

54. Defendants are suppliers and warrantors as defined in 15 U.S.C. §2301(4) and (5).

55. The Shop-Vac brand Wet/Dry Shop Vacuums are consumer products as defined in 15 U.S.C. §2301(6).

56. By reason of Defendant's breach of its express warranties regarding the horsepower ratings of its Wet/Dry Shop Vacuums, defendants have violated the statutory rights due the Plaintiff and the Class pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 et seq., thereby damaging plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

(i) Declaring that this action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23, certifying Plaintiff as the Class representative and designating his counsel, Lite DePalma Greenberg, LLC, Milberg LLP, Lax LLP, and Baron & Herskowitz as counsel for the Class;

(ii) Granting permanent injunctive relief;

(iii) Awarding Plaintiff and the Class damages, and attorneys' fees for Defendant's violations of the Florida Deceptive and Unfair Trade Practices Act;

(iv) Awarding damages to Plaintiff and the Class for Defendant's breach of warranty;

(v) Requiring Defendant to inform the public of the true horsepower ratings of its Shop-Vac brand Wet/Dry Shop Vacuums and enjoining Defendant from the improper marketing of these devices to consumers in the State of Florida;

(vi) Awarding pre- and post-judgment interest;

(vii) Awarding attorneys' fees, expenses, and costs; and

(viii) Awarding such other and further relief as this Court may deem equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims so triable as a matter of right.

Dated:  February 6, 2012

**LITE DEPALMA GREENBERG, LLC**

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg (bgreenberg@litedepalma.com)
Marissa L. Quigley (mquigley@litedepalma.com)
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858

**MILBERG LLP**
Sanford P. Dumain
Andre Rado
One Pennsylvania Plaza
New York, NY 10018
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

**LAX LLP**
Robert I. Lax
380 Lexington Avenue, 31st Floor
New York, NY  10168
Telephone:  (212) 818-9150
Facsimile:  (212) 818-1266

**BARON & HERSKOWITZ**
Jon Herskowitz (jon@bhfloridalaw.com)
Florida Bar No. 814032
9100 S. Dadeland Blvd.
PH-1, Suite 1704
Miami, FL 33156
Telephone:  (305) 670-0101
Facsimile:  (305) 670-2393

*Attorneys for Plaintiff*

# CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiff, by his attorneys, hereby certifies that to the best of his knowledge, the matter in controversy is not related to any other action. Plaintiff is not currently aware of any other party who should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: February 6, 2012            **LITE DEPALMA GREENBERG, LLC**

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg (bgreenberg@litedepalma.com)
Marissa L. Quigley (mquigley@litedepalma.com)
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000
Fax: (973) 623-0858